# United States District Court
# District of Massachusetts

HANIFIN, INC.,
    Plaintiff,

v.                                     CIVIL ACTION NO. 2010-11695-RBC

MERSEN SCOTLAND
HOLYTOWN, LTD.,
    Defendant.

## *MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (#28) AND DEFENDANT MERSEN SCOTLAND HOLYTOWN, LTD'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE <u>OF CONTRACT INTERPRETATION (#30)</u>*

COLLINGS, U.S.M.J.

    The contract at issue in this case is governed by New Jersey law. The Supreme Court of New Jersey has held that:

> [a]s a general rule, courts should enforce contracts as the parties intended. In doing so, the judicial task is clear: the court must discern and implement the common intention of the parties [and its] role is to consider what is written in the context of the circumstances at the time of drafting and to apply a rational meaning in keeping with the expressed general purpose.

*McMahon v. City of Newark*, 195 N.J. 526, 546, 951 A.2d 185, 196-197 (N.J., 2008)(citations and internal quotation marks omitted). "The construction of a written contract is usually a legal question for the court, but where there is uncertainty, ambiguity or the need for parol evidence in aid of interpretation, then the doubtful provision should be left to the jury." *Great Atlantic & Pacific Tea Co., Inc. v. Checchio*, 335 N.J. Super. 495, 502, 762 A.2d 1057, 1061 (App. Div., 2000); *Petersen v. Township of Raritan*, 418 N.J. Super. 125, 133, 12 A.3d 250, 255 (App. Div., 2011); *Driscoll Const. Co., Inc. v. State, Dept. of Transportation*, 371 N.J. Super. 304, 314, 853 A.2d 270, 276 (App. Div., 2004).

In the instant case, while each side argues that the contracts are clear, neither party reconciles all the provisions of the contract. For example, Hanifin asserts it is entitled to "receive commissions on all business originating in the territory," defining that to mean all business the plaintiff developed and

cultivated in the New England states even if the orders do not come from that territory. Assuming this interpretation to be correct, Hanifin does not square that clause with the contractual provision that "[c]ommissions **are payable** to the Representative on all acceptable orders **from within the territory**." Similarly, Mersen glosses over the fact that the term "**business originating** in the territory" differs from the term "all acceptable **orders from** within the territory," and argues simply that the provisions stand for the same proposition. Having reviewed all of the parties' submissions, the Court is of the view that ambiguities exist in the contract because "the terms of the contract are susceptible to at least two reasonable alternative interpretations." *Schor v. FMS Financial Corp.,* 357 N.J. Super. 185, 191, 814 A.2d 1108, 1112 (App. Div., 2002)(internal citation and quotation marks omitted).

Hanifin contends that it should prevail on its interpretation of the contract because the ambiguous terms must be construed against the preparer of the contacts, Mersen. Under New Jersey law, "where an ambiguity exists in the contract allowing at least two reasonable alternative interpretations, the writing is strictly construed against the drafter." *Driscoll Const.,* 371 N.J. Super. at 318, 853 A.2d at 279; *Orange Township v. Empire Mortgage Serv., Inc.,* 341 N.J.

Super. 216, 227, 775 A.2d 174, 181 (App. Div., 2001). Thus, if:

> after a court has examined the terms of the contract, in light of the common usage and custom, and considered the circumstances surrounding its execution...the court is unable to determine the meaning of the term, *contra proferentem* [the rule of contract interpretation requiring the court to adopt the meaning most favorable to the non-drafting party] may be employed as a doctrine of last resort....[but that doctrine] is only available in situations where the parties have unequal bargaining power. If both parties are equally worldly-wise and sophisticated, *contra proferentem* is inappropriate.

*Pacifico v. Pacifico*, 190 N.J. 258, 267-268, 920 A.2d 73, 78 (N.J., 2007)(internal citations and quotation marks omitted).

Here, there is evidence to suggest that the parties negotiated the terms of the contract such that the prerequisite to the application of the doctrine, i.e., unequal bargaining power, may not exist. (#31, Exh. F., Deposition of John P. Hanifin at 14-17); *See Pacifico*, 190 N.J. at 268, 920 A.2d at 79. Moreover, New Jersey courts also recognize that although "an ambiguity would be construed against the drafter, [that fact] does not act as a bar to prevent [the drafter] from even introducing its extrinsic evidence. Instead, it only goes to the interpretive function of the trier of fact in determining the true meaning of the language employed."

4

*Schor,* 357 N.J. Super. at 193, 814 A.2d at 1113.

Thus, the Court rules that the issue of contract interpretation must be presented to the jury. Evidence as to how the course of conduct between the parties informs the interpretation may be introduced as well as any evidence as to the relative bargaining positions of the parties which might permit the application of the doctrine of *contra proferentum* may be introduced.

Accordingly, it is ORDERED that Plaintiff's Motion for Partial Summary Judgment (#28) and Defendant Mersen Scotland Holytown, Ltd's Motion for Summary Judgment on the Issue of Contract Interpretation (#30) be, and the same hereby are, DENIED.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

April 11, 2012.